**Date Signed:**
**August 3, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DEBORAH MALIA DEAN,<br><br>                           Debtor. | Case No. 11-00460<br>Chapter 13<br><br><br>Re: Docket No. 59 |

## ORDER GRANTING DEBTOR'S
## MOTION TO MODIFY CONFIRMED PLAN

      Deborah Malia Dean commenced this chapter 13 case on February 23, 2011. One of her assets is a condominium unit with an estimated value of $309,900 and an estimated secured claim of $297,000.[1] Her chapter 13 plan placed the claim of the mortgage lender, MetLife Home Loans, in class 1, meaning that she would continue to pay her regular monthly mortgage payments directly to the lender and the chapter 13 trustee would make distributions to cure the estimated prepetition arrearage of $17,000. She placed the claims of the condominium owners association in Class 4,

---

[1] Dkt. 1 at 8.

meaning that she was not in default of those payments on the petition date and would continue to pay them when due. The court confirmed the plan on July 22, 2011.[2]

Ms. Dean fell behind on her plan payments and, in March 2015, the chapter 13 trustee moved to dismiss the case. In response, Ms. Dean proposed a plan modification that changed her payment schedule and reduced the total amount of plan payments. The court approved the modification in May 2015.

In June 2016, the trustee provided notice to the current servicer of the mortgage that he had paid, in full, the prepetition arrearage on the mortgage and was giving the mortgagee an opportunity to object.[3] The servicer filed a timely response,[4] in which it agreed that the arrearage that existed on the petition date had been cured, but that the debtor had failed to make payments that became due after the petition date, resulting in a post-petition arrearage of $61,119.80. The attachment to the response indicates that Ms. Dean has not made a mortgage payment for about two and a half years.

In response, Ms. Dean proposed a second modification of her plan.[5] She proposed to place the mortgagee's claim and the condominium association's claim in

---

[2] Dkt. 19.

[3] Dkt. 58.

[4] Filed in the claims register under claim 15 on July 1, 2016.

[5] Dkt. 59.

U.S. Bankruptcy Court - Hawaii   #11-00460   Dkt # 65   Filed 08/03/16   Page 2 of 4

class 3, meaning she would satisfy those secured claims by surrendering the condominium unit.

Neither the mortgage lender nor the condominium association objected to the modification, but the chapter 13 trustee did. And his objection is not directed to the plan modification as such, but rather whether the plan modification will result in the discharge of the post-petition installments due to the mortgage lender.[6] The trustee reasons that post-petition claims are not discharged unless the creditor elects to file a proof of claim for that claim,[7] and that the mortgagee's response to the notice of final cure should not be treated as a proof of claim.

The flaw in the trustee's reasoning is his treatment of the post-petition *installments* owed to the mortgagee as post-petition *claims*. It is true that claims that "arise" after the petition date are not discharged unless the creditor voluntarily files a proof of claim. But in this case the mortgagee's entire claim arose when Ms. Dean became obligated to repay the mortgage loan, long before the petition date. The fact that some of the installment payments on that loan did not come due until after the petition date does not transform those payments into post-petition claims, because the

---

[6] The chapter 13 trustee has a duty to appear and be heard on plan modifications generally. 11 U.S.C. § 1302(a)(2)(C). But a trustee does not have a duty to participate in proceedings to determine the dischargeability of particular debts. 11 U.S.C. § 1302(b)(1). In light of the hybrid nature of this plan modification, the chapter 13 trustee has standing.

[7] 11 U.S.C. § 1305(a).

U.S. Bankruptcy Court - Hawaii   #11-00460   Dkt # 65   Filed 08/03/16   Page 3 of 4

obligation to make those payments arose pre-petition.[8]

Further, the mortgagee in this case did file a proof of claim for its entire debt, not just the portion of the debt that became due before the petition date.

Therefore, I conclude that the plan modification should be approved. Counsel for the debtor shall submit an order confirming the modified plan in the usual form.

END OF ORDER

---

[8] The cases cited by the trustee are distinguishable on this basis. In *In re Perkins*, 304 B.R. 477 (Bankr. N.D. Ala. 2004), and *In re Goodman*, 136 B.R. 167 (Bankr. W.D. Tenn. 1992), the claims in question were for medical services rendered after the petition date.

4